# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ALYSSA BERG, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>  v.<br><br>ROBERT BOSCH LLC, ROBERT BOSCH GMBH, JC RESIDENTIAL AND LIGHT COMMERCIAL LLC, JOHNSON CONTROLS HITACHI AIR CONDITIONING NORTH AMERICA LLC, TRANE TECHNOLOGIES PLC, TRANE U.S. INC., MITSUBISHI ELECTRIC TRANE HVAC US, CARRIER GLOBAL CORP., VIESSMANN MANUFACTURING CO. (U.S.), INC., DAIKIN INDUSTRIES, LTD., DAIKIN COMFORT TECHNOLOGIES NORTH AMERICA, DAIKIN APPLIED AMERICAS, THERMALNETICS, LLC, LENNOX INTERNATIONAL, INC., LENNOX INDUSTRIES INC., ALLIED AIR ENTERPRISES LLC, RHEEM MANUFACTURING CO., HEAT TRANSFER PRODUCTS GROUP, LLC, AAON, INC., a Nevada Corporation, AAON, INC., an Oklahoma Corporation, AAON COIL PRODUCTS, INC., and BASX, INC.,<br><br>      Defendants. | Case No. 2:26-cv-10949-SKD-APP<br><br><br>**UNOPPOSED MOTION TO APPOINT LOCKRIDGE GRINDAL NAUEN PLLP, HAGENS BERMAN SOBOL SHAPIRO LLP, AND THE MILLER LAW FIRM, P.C. AS INTERIM CO-LEAD CLASS COUNSEL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23(g)** |

Plaintiff, Alyssa Berg, respectfully moves this Court for an Order, pursuant to Fed. R. Civ. P. 23(g): (1) appointing the firms of Lockridge Grindal Nauen PLLP, Hagens Berman Sobol Shapiro LLP, and the Miller Law Firm, P.C. as Interim Co-Lead Class Counsel for the proposed Class; and (2) granting any such further relief as the Court may deem just and proper. Plaintiff also respectfully requests that the Court consolidate or otherwise coordinate all subsequent actions filed on behalf of end user indirect purchasers of HVAC Equipment manufactured by the Defendants alleging claims similar to those set forth in this action and subject any such consolidation actions to this class leadership structure.

Plaintiffs have conferred with counsel for all Defendants, who take no position on this Motion. In support of this Motion, Plaintiff relies on the accompanying Memorandum of Law and the Declarations of Brian D. Clark, Shana E. Scarlett, and E. Powell Miller, including the exhibits referenced therein.

Dated: April 15, 2026

Respectfully submitted,

s/ E. Powell Miller
E. Powell Miller (P39487)
Dennis A. Lienhardt (P81118)
**THE MILLER LAW FIRM, P.C.**
950 W. University Dr., Ste. 300
Rochester, MI 48307
Tel: (248) 841-2200
epm@millerlawpc.com
dal@millerlawpc.com


s/ Shana E. Scarlett
Shana E. Scarlett
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 300
Berkeley, California 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
shanas@hbsslaw.com


Steve W. Berman (Admitted, E.D. Mich.)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
455 North Cityfront Plaza Drive
Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949
Facsimile:  (708) 628-4950
steve@hbsslaw.com


Breanna Van Engelen
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
breannav@hbsslaw.com

s/ Brian D. Clark
Brian D. Clark
Laura M. Matson
Olivia T. Levinson
Madison J. Gaffney
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Avenue South,
Suite 2200
Minneapolis, Minnesota 55401
Telephone: (612) 339-6900
Facsimile:  (612) 339-0981
bdclark@locklaw.com
lmmatson@locklaw.com
otlevinson@locklaw.com
mjgaffney@locklaw.com


Kyle J. Pozan
Consuela M. Abotsi-Kowu
**LOCKRIDGE GRINDAL NAUEN PLLP**
1165 North Clark Street, Suite 700
Chicago, Illinois 60610
Telephone: (312) 470-4333
kjpozan@locklaw.com
cmabotsi-kowu@locklaw.com


Stephen J. Teti
**LOCKRIDGE GRINDAL NAUEN PLLP**
265 Franklin Street, Suite 1702
Boston, Massachusetts 02110
Telephone: (617) 456-7701
sjteti@locklaw.com

*Counsel for Plaintiff and the Proposed End-User Classes*

2

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ALYSSA BERG, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> ROBERT BOSCH LLC, ROBERT BOSCH GMBH, JC RESIDENTIAL AND LIGHT COMMERCIAL LLC, JOHNSON CONTROLS HITACHI AIR CONDITIONING NORTH AMERICA LLC, TRANE TECHNOLOGIES PLC, TRANE U.S. INC., MITSUBISHI ELECTRIC TRANE HVAC US, CARRIER GLOBAL CORP., VIESSMANN MANUFACTURING CO. (U.S.), INC., DAIKIN INDUSTRIES, LTD., DAIKIN COMFORT TECHNOLOGIES NORTH AMERICA, DAIKIN APPLIED AMERICAS, THERMALNETICS, LLC, LENNOX INTERNATIONAL, INC., LENNOX INDUSTRIES INC., ALLIED AIR ENTERPRISES LLC, RHEEM MANUFACTURING CO., HEAT TRANSFER PRODUCTS GROUP, LLC, AAON, INC., a Nevada Corporation, AAON, INC., an Oklahoma Corporation, AAON COIL PRODUCTS, INC., and BASX, INC., <br><br> Defendants. | Case No. 2:26-cv-10949-SKD-APP <br><br><br> **MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION TO APPOINT LOCKRIDGE GRINDAL NAUEN PLLP, HAGENS BERMAN SOBOL SHAPIRO LLP, AND THE MILLER LAW FIRM, P.C. AS INTERIM CO-LEAD COUNSEL FOR END-USER INDIRECT PURCHASER PLAINTIFFS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23(g)** |

## TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................1

II.   LEGAL STANDARD .........................................................................5

III.  ARGUMENT.......................................................................................7

    A.   LGN, Hagens Berman, and Miller Have Expended Significant Time and Resources to Investigate Plaintiff's Claims and Advance This Litigation................................................................................7

    B.   LGN, Hagens Berman, and Miller Have Extensive Experience in Class Actions and in Antitrust Litigation and Know the Applicable Law........8

        1.   Lockridge Grindal Nauen PLLP .................................................9

            a)   Brian D. Clark.................................................................9

            b)   Stephen J. Teti..............................................................10

            c)   Kyle Pozan ....................................................................11

        2.   Hagens Berman Sobol Shapiro LLP .........................................12

            a)   Steve Berman.................................................................12

            b)   Shana Scarlett ...............................................................14

            c)   Breanna Van Engelen .....................................................16

        3.   The Miller Law Firm, P.C....................................................16

            a)   E. Powell Miller.............................................................17

            b)   Dennis A. Lienhardt, Jr...................................................19

    C.   LGN, Hagens Berman, and Miller Have the Resources Necessary to Effectively Prosecute this Litigation....................................................19

    D.   LGN, Hagens Berman, and Miller Will Continue to Work Cooperatively with All Counsel ........................................................20

    E.   LGN, Hagens Berman, and Miller Are Dedicated to Developing Junior Attorneys and Assembling a Diverse Team of Lawyers ......................21

    F.   Proposed Duties and Responsibilities for Interim Co-Lead Class Counsel..............................................................................................23

    G.   Consolidating or Otherwise Coordinating Future Cases Involving Similar Allegations Will Avoid Unnecessary Waste of Judicial Resources ............................................................................................24

IV.   CONCLUSION..................................................................................25

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Baker v. Saint-Gobain Performance Plastics Corp.*,
  No. 1:16-cv-00220 (LEK/DJS), 2016 WL 4028974 (N.D.N.Y. July 27,
  2016)................................................................................................................21

*Bledsoe v. FCA US LLC*,
  16-cv-14024 (E.D. Mich).......................................................................... 4

*Brown v. JBS USA Food Co., et al.*,
  No 22-cv-2946 (D. Colo.) ................................................................ 11, 15

*Cason-Merenda. v. VHS of Michigan, Inc.*,
  No. 2:06-cv-15601 (E.D. Mich.)................................................................ 18

*Chapman v. General Motors LLC*,
  No. 19-cv-12333 (E.D. Mich.)................................................................. 4

*City of Farmington Employees Retirement System v. Wells Fargo Bank*,
  No. 0:10-cv-04372 (D. Minn.) ................................................................. 18

*Crawford v. FCA US LLC*,
  No. 20-cv-12341 (E.D. Mich.)................................................................. 4

*In re Ford Super Duty Roof-Crush Litig.*
  No. 4:22-cv-12079 (E.D. Mich.)............................................................. 4

*Frisch v. FCA US LLC*,
  No. 2:24-cv-10546, 2025 WL 1610430 (E.D. Mich. June 5, 2025) ................. 5, 6

*Gluesing v. PrudentRx LLC*,
  No. 24-cv-549 (D.R.I.) ...................................................................... 11

*Gurwitch v. SaveOnSP LLC, et al.*,
  No. 25-cv-0006 (W.D.N.Y.) .................................................................. 11

*Harrison v. General Motors, LLC*,
  No. 21-cv-12927, 2022 WL 1515535 (E.D. Mich. May 13, 2022) ...................... 6

*In re A-Line Staffing Solutions Data Security Incident Litig.*,
No. 24-cv-11917, 2024 WL 4925275 (E.D. Mich. Nov. 21, 2024)................. 6, 19

*In re AIG 2008 Securities Litig.*,
No. 1:08-cv-04772 (S.D.N.Y.)...................................................................... 18

*In re: Auto. Parts Antitrust Litig.*,
No. 2:12-md-2311 (MDL) (E.D. Mich.)........................................................ 18

*In re Beef Purchasers Antitrust Litig.*,
No. 0:19-cv-01129 (D. Minn.) ..................................................................... 15

*In re Broiler Chicken Antitrust Litig.*,
2021 WL 5709250 (N.D. Ill. Dec. 1, 2021) ............................................... 21

*In re Broiler Chicken Antitrust Litig.*,
No. 1:16-cv-08637 (N.D. Ill.) ........................................................... passim

*In re Cattle and Beef Antitrust Litig.*,
No. 0:22-md-03031 (D. Minn.)................................................................. 2, 12

*In re Cattle and Beef Antitrust Litig.*,
No. 0:20-cv-01319 (D. Minn. June 17, 2022)............................................. 21

*In re Chevrolet Bolt EV Battery Litig.*,
No. 2:20-cv-13256 (E.D. Mich)................................................................... 17

*In re Chrysler Pacifica Fire Recall Prods. Liab. Litig.*,
No. 2:22-cv-03040 (MDL)............................................................................ 4

*In re Construction Equipment Rental Antitrust Litig.*,
No. 25-cv-3487 (N.D. Ill.) ........................................................................... 11

*In re Glumetza Antitrust Litig.*,
No. C19-05822 (N.D. Cal.)......................................................................... 15

*In re Google Generative AI Copyright Litig.*,
No. 23-cv-3440 (N.D. Cal.) ........................................................................ 11

*In re Peanut Farmers Antitrust Litig.*,
No. 2:19-cv-00463 (E.D. Va.)..................................................................... 10

iii

*In re Pork Antitrust Litig.*,
    No. 18-cv-01776 (D. Minn.) .................................................................... 2, 15

*In re Stericycle, Inc., Sterisafe Contract Litig.*,
    No. 13-cv-5795, 2013 WL 5609328 (N.D. Ill. Oct. 11, 2013) ........................... 14

*In re Turkey Antitrust Litig.*,
    No. 1:19-cv-08318 (N.D. Ill.) ..................................................................2, 15

*In re Valve Antitrust Litig.*,
    No. 2:21-cv-00563 (W.D. Wash.)..........................................................12

*Jien v. Perdue Farms, Inc., et al.*,
    No. 19-cv-2521 (D. Md.) .........................................................10, 11, 15

*McKinley v. Doxim, Inc.*,
    No. 2:24-cv-11550, No. 2:24-cv-11587, No. 2:24-cv-11599, 2024 WL
    4571405 (E.D. Mich. Oct. 24, 2024) ................................................24

*NCAA v. Alston*,
    594 U.S. 69 (2021), 141 S. Ct. 2141, 210 L. Ed. 2d 314 (2021) ........................ 13

*Ogilvie v. Optimal Blue, LLC, et al.*,
    No. 3:25-cv-01140 (M.D. Tenn.)........................................................ 12

*Othart Dairy Farms, LLC v. Dairy Farmers of America, Inc.*,
    No. 22-cv-251 (D.N.M.) ................................................................ 10, 11

*Powell v. General Motors LLC*,
    No. 25-cv-10479 (E.D. Mich)........................................................... 4

*Scharpf v. Gen. Dynamics Corp., et al.*,
    No. 23-cv-1372 (E.D. Va.)............................................................. 11

*Wood v. FCA US LLC*,
    No. 20-cv-11054 (E.D. Mich.)......................................................... 4

## Rules

Fed. R. Civ. P. 23 .................................................................... *passim*

Fed. R. Civ. P. 42 .................................................................... 24

## Other Authorities

7B Charles Alan Wright, et al., Federal *Practice and Procedure* § 1802.3
(3d ed. 2005) ...................................................................................................... 7

Manual for Complex Litigation, § 10.221 ............................................................. 24

Manual for Complex Litigation, § 10.224 ............................................................. 22

Pursuant to Rule 23(g)(3) of the Federal Rules of Civil Procedure, and to ensure the effective and efficient prosecution of this litigation, Plaintiff Alyssa Berg respectfully requests that the Court appoint the law firms of Lockridge Grindal Nauen PLLP ("LGN"), Hagens Berman Sobol Shapiro LLP ("Hagens Berman"), and The Miller Law Firm, P.C. ("Miller") as Interim Co-Lead Counsel for End-User Indirect Purchaser Plaintiffs.[1] Plaintiff also requests that the Court order all subsequently-filed cases on behalf of indirect purchasers of HVAC Equipment for end use in a residential or commercial building involving common questions of law and fact to be consolidated or otherwise coordinated, and subject to this class leadership structure.

## I.      INTRODUCTION

This Court should appoint interim LGN, Hagens Berman, and Miller as Interim Co-Lead Counsel for End-User Indirect Purchaser Plaintiffs, who brought the first-filed and only complaint to date. Doing so will allow counsel to coordinate discovery, depositions, and motion practice, employ experts, meet deadlines, and otherwise efficiently and effectively prosecute this litigation on behalf of End-User Indirect Purchaser Plaintiffs. LGN, Hagens Berman, and Miller are eminently qualified to serve as Interim Co-Lead Counsel in this case. Each firm has a strong

---

[1] End-User Indirect Purchaser Plaintiffs is defined as the members of the Nationwide Class and State Law Classes in Plaintiff's Class Action Complaint. *See* Dkt No. 1 at ¶¶ 262–64.

1

record of experience, success, and the commitment of human and financial resources to similar litigation. This includes some of the largest and most complex antitrust class action lawsuits in recent years.

LGN and Hagens Berman were appointed together as interim co-lead counsel for the Consumer Indirect Purchaser Plaintiffs in *In re Cattle and Beef Antitrust Litigation*, No. 0:22-md-03031 (D. Minn.), based on their qualifications, reputation, and the other factors outlined in Fed. R. Civ. P. 23(g)(1)(A).[2] To date, the two firms have litigated the case through class certification and recovered $87.5 million for the class. Similarly, LGN and Hagens Berman were appointed together as interim co-lead counsel for the Direct Purchaser Plaintiffs in *In re Turkey Antitrust Litigation*, No. 1:19-cv-08318 (N.D. Ill.), recovering $40.5 million for the certified DPP Class.[3] LGN and Hagens Berman work together as part of the leadership teams for different classes in *In re Pork Antitrust Litigation*, No. 0:18-cv-01776 (D. Minn.), in which they were appointed co-lead counsel for the Consumer Indirect Purchaser Plaintiff class and Direct Purchaser Plaintiff class, respectively.[4] LGN and Hagens Berman also serve as co-lead counsel for the Direct Purchaser Plaintiff class and End-User

---

[2] *See* Order, *Peterson v. JBS USA Food Company Holdings, et al.*, No. 0:19-cv-01129 (D. Minn. Aug. 6, 2019) [Dkt No. 68].

[3] *See* Order, *In re Turkey Antitrust Litig.*, No. 1:19-cv-08318 (N.D. Ill. June 16, 2020) [Dkt No. 143].

[4] *See* Order, *In re Pork Antitrust Litig.*, No. 1:18-cv-01776 (D. Minn. October 15, 2018) [Dkt No. 149]; Order *In re Pork Antitrust Litig.*, Case No. 1:18-cv-01776 (D. Minn. October 15, 2018) [Dkt No. 151].

Consumer Plaintiff class, respectively, in *In re Broiler Chicken Antitrust Litigation*, No. 1:16-cv-08637 (N.D. Ill.),[5] and Miller also represents the Direct Purchaser Plaintiffs in that case. There, the firms succeeded in certifying their respective classes and prevailing at summary judgment, collectively recovering $489 million for their two classes.[6] LGN and Hagens Berman were among the first to investigate the facts giving rise to the *Turkey*, *Beef*, *Pork*, and *Broiler Chicken* cases, as well as other complex antitrust class action cases involving agricultural industries.

Like in *Turkey*, *Beef*, *Pork*, *Broiler Chicken*, and other cases, LGN and Hagens Berman dedicated considerable time and resources to bring this case and will continue to do so. They conducted a thorough inquiry into the HVAC Equipment market and drafted the Complaint, filing the first lawsuit. The robust and detailed Complaint includes information gathered from their extensive investigation of the HVAC Equipment market, as well as a preliminary econometric analysis of the overcharge caused by the alleged conspiracy by consulting experts.

LGN and Hagens Berman have since added Miller to the leadership team.

---

[5] *See* Order, *In re Broiler Chicken Antitrust Litig.*, No. 1:16-cv-08637 (N.D. Ill. October 14, 2016) [Dkt No. 144]; Order, *In re Broiler Chicken Antitrust Litig.*, No. 1:16-cv-08637 (N.D. Ill. December 14, 2016) [Dkt No. 248].

[6] *See* Order, *In re Broiler Chicken Antitrust Litig.*, No. 1:16-cv-08637 (N.D. Ill. February 11, 2025) [Dkt No. 7500]; Order, *In re Broiler Chicken Antitrust Litig.*, No. 1:16-cv-08637 (N.D. Ill. Oct. 24, 2024) [Dkt No. 7423]; Order, *In re Broiler Chicken Antitrust Litig.*, No. 1:16-cv-08637 (N.D. Ill. October 24, 2024) [Dkt No. 7311]; Order, *In re Broiler Chicken Antitrust Litig.*, No. 1:16-cv-08637 (N.D. Ill. Mar. 15, 2024) [Dkt No. 7179].

Hagens Berman and Miller have a long track record of successfully leading class actions, including: co-lead class counsel in *Chapman v. General Motors LLC*, 19-cv-12333 (E.D. Mich.) (Berg, J.), which recovered $50 million for vehicle purchasers; co-lead class counsel in *Wood v. FCA US LLC*, No. 20-cv-11054 (E.D. Mich.) (Levy, J.), which recovered more than $108 million in settlement benefits; and co-lead class counsel in *Crawford v. FCA US LLC*, No. 20-cv-12341 (E.D. Mich.) (Murphy, J.), which recovered more than $20 million in settlement benefits. Hagens Berman and Miller have also prosecuted nearly a dozen class actions in this District, including: *In re Ford Super Duty Roof-Crush Litigation*, No. 4:22-cv-12079 (E.D. Mich.) (McMillion, J.) (interim co-lead class counsel); *In re Chrysler Pacifica Fire Recall Prods. Liab. Litig.*, No. 2:22-cv-03040 (MDL) (Lawson, J.) (interim co-lead class counsel); *Bledsoe v. FCA US LLC*, 16-cv-14024 (E.D. Mich) (Berg, J.) (interim co-lead class counsel); and *Powell v. General Motors LLC*, 25-cv-10479 (E.D. Mich) (Kumar, J.) (interim co-lead class counsel).

Miller is a premiere Michigan firm of equal caliber to LGN and Hagens Berman whose antitrust class action expertise (detailed below) and jurisdictional knowledge has allowed Plaintiff to swiftly confer with defense counsel and negotiate a stipulation apprising the Court of the status of service of process, agreeing to service of pleadings and discovery by email, extending the time for Defendants to file responsive pleadings, establishing a plan to submit a proposed schedule on the

form and timing of Rule 12 motions, and setting the deadline to move for appointment of interim class counsel. These early efforts demonstrate the commitment of LGN, Hagens Berman, and Miller to organize the case, advance the litigation, work cooperatively with opposing counsel, and keep the Court apprised of case developments.

Plaintiff respectfully submits that the Court should appoint LGN, Hagens Berman, and Miller as Interim Co-Lead Class Counsel for End-User Indirect Purchaser Plaintiffs.[7] LGN, Hagens Berman, and Miller have the skills, resources, and experience needed to prosecute this case and are best positioned to achieve a favorable outcome for the End-User Indirect Purchaser Plaintiffs. Together, they are firms that are "best able to represent the interests of the [End-User Indirect Purchaser Plaintiffs]." Fed. R. Civ. P. 23(g)(2).

## II.    LEGAL STANDARD

Fed. R. Civ. P. 23(g)(3) permits a court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." *Frisch v. FCA US LLC*, No. 2:24-cv-10546, 2025 WL 1610430, at *1 (E.D. Mich. June 5, 2025). Designating interim co-lead class counsel is essential because it "clarifies responsibility for protecting the interests of the class during

---

[7] Pursuant to Local Rule 7.1(a), Plaintiff conferred with Defendants before filing this motion, and Defendants take no position on this motion.

5

precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Manual for Complex Litigation (Fourth) ("Manual") § 21.11, at 246–47 (2004). In selecting interim lead class counsel, courts consider: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A).

In addition to the four factors under Rule 23(g)(1)(A), a court also "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class . . . ." Fed. R. Civ. P. 23(g)(1)(B); *In re A-Line Staffing Solutions Data Security Incident Litig.*, No. 24-cv-11917, 2024 WL 4925275, at *2 (E.D. Mich. Nov. 21, 2024). Courts have found that proposed lead counsel's experience and service as lead counsel in prior cases is particularly persuasive. *See Frisch*, 2025 WL 1610430, at *2; *Harrison v. General Motors, LLC*, No. 21-cv-12927, 2022 WL 1515535, at *2 (E.D. Mich. May 13, 2022). Courts also look at the resources counsel expended investigating the suit before filing. *See id.* at *2. No single factor is determinative; instead, a court should appoint counsel after evaluating all relevant considerations and comparing the applicants' relative

strengths. *See* Fed. R. Civ. P. 23(g)(1)(A)–(B); 7B Charles Alan Wright, et al., *Federal Practice and Procedure* § 1802.3 (3d ed. 2005).

### III.   <u>ARGUMENT</u>

**A.   LGN, Hagens Berman, and Miller Have Expended Significant Time and Resources to Investigate Plaintiff's Claims and Advance This Litigation**

LGN, Hagens Berman, and Miller have already taken significant steps to identify and investigate Plaintiff's claims and to advance this litigation in a prompt manner. See Fed. R. Civ. P. 23(g)(1)(A)(i). One factor a court may consider is whether an attorney has undertaken early investigative work or drafted the complaint, which is often a deciding factor:

> In a case with a plaintiff class, the process of drafting the complaint requires some investigatory and analytical effort, tasks that strangers to the action most likely will not have undertaken. All other things being equal, when an attorney has performed these or other investigative and analytical tasks before making the application for appointment, he or she is in a better position to represent the class fairly and adequately than attorneys who did not undertake those tasks.

Moore's Federal Practice §23.120(3)(a) (3d Ed. 2007). The undersigned counsel have done just that. As evidenced by the depth and detail of the allegations in the Complaint, LGN and Hagens Berman extensively investigated the HVAC Equipment market, the alleged Defendants and co-conspirators, and the facts alleged in the Complaint. Exhibit 1, Declaration of Brian D. Clark in Support of Plaintiff's Motion for Appointment, ¶¶ 14–16; Exhibit 2, Declaration of Shana E. Scarlett in

7

Support of Plaintiff's Motion for Appointment ("Scarlett Decl."), ¶ 1; Exhibit 3, Declaration of E. Powell Miller in Support of Plaintiff's Motion for Appointment ("Miller Decl."), ¶¶ 4–5, 9. This included retention of consulting experts who analyzed the HVAC Equipment market and the economics of the industry.

Since filing the Complaint, LGN and Hagens Berman effectuated service of process on most Defendants and bolstered the legal team by adding Miller, who immediately aided in executing an early strategy that included issuing preservation letters and meeting and conferring with counsel for Defendants to negotiate a stipulation on the timing of Defendants' responsive pleadings and the submission of a schedule for motions to dismiss, the service of pleadings and discovery by email, and setting the deadline for filing motions to appoint interim class counsel. The pre- and post-filing work performed by LGN, Hagens Berman, and Miller show they are best suited to represent the interests of End-User Indirect Purchaser Plaintiffs, strongly favoring their appointing as Interim Co-Lead Counsel. Clark Decl., ¶ 18; Scarlett Decl., ¶ 2; Miller Decl., ¶ 9. And they have the resources to do so, as detailed below. Clark Decl., ¶¶ 25–26; Scarlett Decl., ¶ 3; Miller Decl., ¶¶ 19–20.

### B. LGN, Hagens Berman, and Miller Have Extensive Experience in Class Actions and in Antitrust Litigation and Know the Applicable Law

LGN, Hagens Berman, and Miller each have extensive experience prosecuting antitrust class actions and other complex litigation and have demonstrated their deep

knowledge of antitrust law. *See* Fed. R. Civ. P. 23(g)(1)(A)(ii) and (iii).

### 1. Lockridge Grindal Nauen PLLP

LGN is a 60-attorney firm based in Minneapolis, Minnesota, with additional offices in Chicago and Boston. LGN has specialized in antitrust and other federal civil litigation for over 45 years. Clark Decl., ¶ 20. LGN Partners Brian Clark, Stephen Teti, and Kyle Pozan, and the firm's other attorneys who will work on this matter, have prosecuted major nationwide antitrust class action cases in courts across the country. *Id.* at ¶ 21. In just the last decade, LGN and its co-counsel have recovered billions of dollars for their clients and class members in nationwide antitrust cases. *Id*.

Biographies for the three LGN partners who will manage this case for LGN— Brian Clark, Stephen Teti, and Kyle Pozan—are below. The biographies of additional team members Laura Matson, Olivia Levinson, Consuela Abotsi-Kowu, and Madison Gaffney are included in Exhibit A to the Clark Declaration.

### a) Brian D. Clark

Mr. Clark, a partner at LGN and co-chair of its Antitrust Practice group, is personally committed to prosecuting this case and will devote himself to its leadership. Mr. Clark is a longtime member of LGN's antitrust law group, practices extensively in antitrust litigation in federal and state courts nationwide and leads the firm's e-discovery practice group. He advises clients of all sizes on e-discovery

matters, is a former Member of the Steering Committee for Working Group 1 of the Sedona Conference, and taught e-discovery at the University of Minnesota Law School for five years. Mr. Clark has been consistently named as a Super Lawyer by his peers. *See* Clark Decl., ¶ 23.

In addition to *Turkey*, *Pork*, *Beef*, and *Broiler Chicken*, Mr. Clark and LGN have led or otherwise been extensively involved in many other major antitrust cases including, for example:

- *In re Peanut Farmers Antitrust Litigation*, No. 2:19-cv-00463 (E.D. Va.). Mr. Clark was personally appointed as co-lead counsel for a class of peanut farmers who alleged that shelling companies conspired to pay farmers an artificially low rate in violation of federal antitrust laws. The case settled on the eve of trial for over $100 million.

- *Othart Dairy Farms, LLC v. Dairy Farmers of America, Inc.*, No. 22-cv-251 (D.N.M.): Mr. Clark served as co-lead counsel for a class of dairy farmers and recovered $34.4 million in settlements.

- *Jien v. Perdue Farms, Inc., et al.*, No. 19-cv-2521 (D. Md.): Mr. Clark served as counsel for a class of poultry workers who received $398 million in settlements due to wage-fixing by defendants.

Mr. Clark's experience and qualifications are noted in more detail in his declaration.

### b)   Stephen J. Teti

Mr. Teti, a partner at LGN, is a magna cum laude graduate of the Quinnipiac University School of Law, and is personally committed to prosecuting this case and will devote himself to its leadership. He has practiced for 15 years and joined LGN in 2021. He has been actively involved in a number of complex and class action

10

matters since then, including *Jien v. Perdue Farms, Inc., et al.*, No. 19-cv-2521 (D. Md.) (Poultry Wages Antitrust Litigation, $398 million in settlements); *Brown v. JBS USA Food Co., et al.*, No 22-cv-2946 (D. Colo.) (Red Meat Wages Antitrust Litigation, approximately $200 million in settlements); *Othart Dairy Farms, LLC v. Dairy Farmers of America, Inc.*, No. 22-cv-251 (D.N.M.) (SW Dairy Farmer Antitrust Litigation, $34.4 million in settlements); *In re Google Generative AI Copyright Litigation*, No. 23-cv-3440 (N.D. Cal.); *Scharpf v. Gen. Dynamics Corp., et al.*, No. 23-cv-1372 (E.D. Va.); *In re Construction Equipment Rental Antitrust Litigation*, No. 25-cv-3487 (N.D. Ill.); *Gurwitch v. SaveOnSP LLC, et al.*, No. 25-cv-0006 (W.D.N.Y.); *Gluesing v. PrudentRx LLC*, No. 24-cv-549 (D.R.I.); and *In re Broiler Chicken Antitrust Litigation*, No. 1:16-cv-08637 (N.D. Ill.).

### c) Kyle Pozan

Mr. Pozan, the partner-in-charge of LGN's Chicago office, is personally committed to prosecuting this case and will devote himself to its leadership. Mr. Pozan currently serves on the Editorial Board of the ABA Antitrust Magazine. Mr. Pozan is also serving on two drafting groups with The Sedona Conferences Working Group 1.  For over 10 years, Mr. Pozan has represented plaintiffs in antitrust class actions and other complex litigation nationwide. Mr. Pozan's representative antitrust cases include: *In re Cattle and Beef Antitrust Litig.*, No. 0:22-md-03031 (D. Minn.) (firm is co-lead and has recovered $87.5 million for the consumer class to date);

*Ogilvie v. Optimal Blue, LLC, et al.*, No. 3:25-cv-01140 (M.D. Tenn.) (lead attorney for firm appointed as co-lead on behalf of the residential mortgage holders alleging collusion that artificially inflated mortgage prices for home purchasers); *In re Valve Antitrust Litig.*, No. 2:21-cv-00563 (W.D. Wash.) (firm serving as co-lead counsel for a certified class of video game publishers in an antitrust class action alleging that Valve monopolizes the digital PC game distribution market through its Steam platform); *In re Broiler Chicken Antitrust Litig.*, No. 1:16-cv-08637 (N.D. Ill.).

### 2. Hagens Berman Sobol Shapiro LLP

Hagens Berman was founded nearly thirty years ago by its named partner, Steve Berman. It has grown to over 80 attorneys with nine offices nationwide, focusing nearly exclusively on plaintiffs' side complex class actions. Hagens Berman has led some of the most complicated antitrust cases of the last decade, resulting in settlements of hundreds of millions of dollars for consumers and businesses nationwide. Scarlett Decl., ¶ 3.

The attorneys working on this litigation will include Steve W. Berman, the founder and managing partner of Hagens Berman; Shana E. Scarlett, managing partner of Hagen Berman's Berkeley office; and Breanna Van Engelen, partner in Hagen Berman's Seattle office. *Id*. at ¶ 4.

### a) Steve Berman

Mr. Berman, the founder and managing partner of Hagens Berman's nine

offices, has served as lead or co-lead counsel in antitrust, securities, consumer, product liability, and employment class actions and complex litigation throughout the country, including in MDL actions too numerous to count. Scarlett Decl., ¶ 9. Mr. Berman brings to this case a vast wealth of experience that is almost unmatched in the plaintiffs' bar. *Id.* Hagens Berman, at the direction of Mr. Berman, is one of the few plaintiffs' firms in the United States that often takes complex civil litigation, including class actions, to trial. *Id.* at ¶ 10. Perhaps most notable is Mr. Berman's role as a Special Assistant Attorney General for the states of Illinois, Washington, Arizona, Indiana, New York, Alaska, Idaho, Ohio, Oregon, Nevada, Montana, Vermont, and Rhode Island in the landmark *Tobacco Litigation*. *Id.* at ¶ 11. That case resulted in the largest settlement in history, a $260 billion settlement that occurred while Mr. Berman was in trial in *Washington v. Philip Morris*. *Id.*

In *In re NCAA Grant-in-Aid Cap Antitrust Litigation*, Mr. Berman led Hagens Berman's trial team in a 10-day trial in September 2019 before former Chief Judge Claudia Wilken of the Northern District of California, successfully obtaining an injunction against the NCAA relating to caps on compensation available to college student-athletes, which was upheld by the Supreme Court. *See NCAA v. Alston*, 594 U.S. 69 (2021), 141 S. Ct. 2141, 210 L. Ed. 2d 314 (2021); Scarlett Decl., ¶ 12. Prior to trial, Mr. Berman recovered a $200 million settlement for the class but continued to litigate on behalf of the class for the extraordinary injunction affirmed by the

13

Supreme Court. *Id.* Appointing Mr. Berman in a large MDL, Judge Milton Shadur

stated:

> But it must be said that the track record of Hagens Berman
> and its lead partner Steve Berman is even more
> impressive, having racked up such accomplishments as a
> $1.6 billion settlement in the *Toyota Unintended*
> *Acceleration Litigation* and a substantial number of really
> outstanding big ticket results.
>
> It may be worth mentioning that to this Court's
> recollection it has had no first-hand judicial experience
> with either of the two finalist firms. . . . But that is not true
> of its colleagues in this District of more recent vintage, an
> email inquiry to whom brought in return some high praise
> of attorney Berman's skills.[8]

Mr. Berman has received countless awards and recognition for his work,

including the *National Law Journal*'s 2021 recognition of him as a Sports &

Entertainment Law Trailblazer, the American Antitrust Institute recognizing him in

2021, 2019, and 2018 as an Honoree for Outstanding Antitrust Litigation

Achievement, and being named as a Class Action MVP of the Year for 2016 through

2020 by Law360. Scarlett Decl., ¶ 13.

### b)      Shana Scarlett

Ms. Scarlett is a graduate of Stanford Law School, and the managing partner

of Hagens Berman's Berkeley office. Scarlett Decl., ¶ 5.  Ms. Scarlett has recovered

over a billion dollars on behalf of consumers and employees of agricultural products,

---

[8] *In re Stericycle, Inc., Sterisafe Contract Litig.*, No. 13-cv-5795, 2013 WL
5609328, at *2–3 (N.D. Ill. Oct. 11, 2013).

14

including *In re Broiler Chicken Antitrust Litig.*, No. 1:16-cv-08637 (N.D. Ill.) (recovery of over $203 million for an end-user consumer purchaser class); *In re Pork Antitrust Litig.*, No. 18-cv-01776 (D. Minn.) (recovery of over $212 million on behalf of a consumer IPP class); *In re Beef Purchasers Antitrust Litig.*, No. 0:19-cv-01129 (D. Minn.) (recovery of $87.5 million on behalf of a consumer IPP class); and *In re Turkey Antitrust Litig.*, No. 1:19-cv-08318 (N.D. Ill.) (recovery of over $40 million on behalf of DPP class); *Jien v. Perdue Farms, Inc., et al.*, No. 19-cv-2521 (D. Md.) (recovery of over $398 million on behalf of poultry plant workers); *Brown v. JBS USA Food Co.*, No. 1:22-cv-02946 (D. Colo.) (recovery of over $202 million on behalf of pork and beef plant workers). Scarlett. Decl., ¶ 6. In 2019, Judge Alsup *sua sponte* appointed Ms. Scarlett personally as one of the lead counsel in the generic drug litigation *In re Glumetza Antitrust Litigation*, No. C19-05822 (N.D. Cal.), where over $450 million was recovered on behalf of the direct purchaser class. *Id*. at ¶ 7.

Ms. Scarlett has testified before the California Law Revision Commission as an expert in concentration and competition in California. Scarlett Decl., ¶ 8. And Ms. Scarlett has received numerous awards for her work for plaintiffs, including being named a Top Antitrust Attorney by the Daily Journal of California, for 2021, 2022, 2024 and 2025, and a Top Plaintiff Lawyer in 2022 and 2024. Ms. Scarlett has received a Band 1 Ranking by Chambers and Partners since 2022, and has been

named as a Northern California Super Lawyer each year from 2013 through 2025. *Id*.

### c)   Breanna Van Engelen

Ms. Van Engelen is a graduate of the University of Michigan Law School and partner in Hagens Berman's Seattle office. Scarlett Decl., ¶ 14. At Hagens Berman, Ms. Van Engelen has developed a specialty for representing consumer class members in large antitrust cases, including in the *Broiler Chicken*, *Pork*, and *Beef* matters. Prior to joining Hagens Berman, Ms. Van Engelen practiced at K&L Gates, LLP, where she gave the closing argument in trial for one of the first electronic impersonation cases ever brought in the United States. *Id*.

### 3.   The Miller Law Firm, P.C.

Miller has extensive experience litigating complex class actions (including antitrust actions) throughout the United States and, particularly, in the Eastern District of Michigan, where it has litigated more than 600 class and commercial cases. *See* Miller Decl. Ex. A. Miller has established a national reputation and is ranked Tier 1 in Detroit for Commercial Litigation by U.S. News, Best Lawyers. The firm has continuously prosecuted class/mass actions since 1994, when E. Powell Miller sold his house, his car, and left his partnership position at Honigman, to start the firm, which has now grown to a 35-attorney firm and has recovered more than $10 billion dollars for victims of fraud and abuse.

16

Miller Law consistently leads Michigan in settlements recovered for class members. For example, in 2025, Miller recovered three of the five largest settlements in Michigan, totaling nearly $300 million. This included the $150 million non-reversionary all-cash settlement Miller recovered as co-lead counsel in *In re Chevrolet Bolt EV Battery Litig.*, No. 2:20-cv-13256 (E.D. Mich) (Berg, J.). This is a record-breaking settlement in this District for an automotive defect class action.

The attorneys working on and overseeing this litigation on behalf of Miller will include Miller Founder and CEO E. Powell Miller and Executive Partner Dennis A. Lienhardt, both of which are located less than thirty miles from the courthouse.

### a)      E. Powell Miller

E. Powell Miller has been Michigan's premiere class action and commercial litigator for nearly thirty years. Mr. Miller also has extensive trial experience, including an 18-0-1 trial record. One of those trial victories was a three-week antitrust commercial litigation case in the Central District of California in 2019. Most recently, Mr. Miller achieved a directed verdict on behalf of his client after more than five years of litigation. Mr. Miller previously served as Co-Chair of the ABA Sub-Committee for Multi-District Class Action Litigation and Co-President of the Detroit Chapter of the Federal Bar Association Antitrust and Securities Committees. He also significantly supports his alma mater, Wayne State Law

School, where he sits on the Executive Committee for the Board of Visitors, established the E. Powell Miller Program for Class Action Studies and co-taught its inaugural course, and funded the Wayne Law Alumni Wall of Fame.

Mr. Miller is regularly appointed to lead some of the largest class actions, including antitrust matters, throughout Michigan and the United States. A sample of noteworthy successes include:

- Co-Lead Counsel in *In re AIG 2008 Securities Litig.*, No. 1:08-cv-04772 (S.D.N.Y.), which was successfully settled in 2015 for $970.5 million, the highest securities settlement in the United States in 2015;

- Co-Lead Class Counsel and Lead Trial Counsel in *City of Farmington Employees Retirement System v. Wells Fargo Bank*, No. 0:10-cv-04372 (D. Minn.), which was resolved on the weekend before trial for $62.5 million;

- Special Trial Counsel in the antitrust class action, *Cason-Merenda. v. VHS of Michigan, Inc.*, No. 2:06-cv-15601 (E.D. Mich.) (Rosen, J.) (final judgment entered on Jan. 27, 2016), which resulted in a $42 million recovery after the in limine arguments;

- Interim Liaison Counsel to the end-payor plaintiffs, who have recovered more than $1 billion in settlements to date in the *In re: Auto. Parts Antitrust Litig.*, No. 2:12-md-2311 (MDL) (E.D. Mich.) (Battani, J.; Cox, J.; and Behm, J.);

Other successes are included in Miller's Declaration and Firm Resume. *See* Miller Decl., ¶¶ 14, Ex. A. In a recent order appointing Mr. Miller as lead counsel, Judge White ruled:

[Powell] Miller's reputation in this district is first-rate. As one judge recently stated: "[E]verything Mr. Miller said, I have basically firsthand experience. The guy's in this court all the time. I have

18

appointed him lead counsel in [multidistrict litigation]. My colleagues appoint him lead counsel all the time. He's one of the absolute leading lights of the Michigan bar. He treats everybody great. His work is first class."

*In re A-Line Staffing Sols. Data Sec. Incident Litig.*, 2024 WL 4925275, at \*2 (E.D. Mich. Nov. 21, 2024) (White, J.) (citing Tr., *Drugich v. McLaren Health Care Corp.*, No. 2:23-cv-12520 (E.D. Mich. Feb. 27, 2024) (Leitman, J.)).

### b)      Dennis A. Lienhardt, Jr.

Dennis Lienhardt is also a graduate of Wayne State Law School and has nearly a decade of experience prosecuting class actions. He has been named a *Michigan Super Lawyer* Rising Star every year since 2022, a DBusiness Top Lawyer in the field of Product Liability, and "One to Watch" by Best Lawyers in America. Mr. Lienhardt has played a critical role in dozens of class actions in this District and nationwide, obtaining settlements valued at nearly $500 million. Mr. Lienhardt also co-taught the inaugural Class Actions and Multidistrict Litigations course at Wayne Law with Mr. Miller and plans to teach the course again in 2027.

### C.      LGN, Hagens Berman, and Miller Have the Resources Necessary to Effectively Prosecute this Litigation

LGN, Hagens Berman, and Miller are established firms with the personnel and financial resources necessary to represent and advance the interests of the putative class through rigorous motion practice, discovery, class certification, and trial. *See* Fed. R. Civ. P. 23(g)(1)(A)(iv). They are prepared to dedicate their

resources to ensure the successful prosecution of this case. As evidence of that dedication, LGN, Hagens Berman, and Miller intend to self-fund this litigation, which is their standard practice. Clark Decl., ¶¶ 25–26; Scarlett Decl., ¶ 15; Miller Decl. ¶ 19.

### D.     LGN, Hagens Berman, and Miller Will Continue to Work Cooperatively with All Counsel

While LGN, Hagens Berman, and Miller are known for their zealous advocacy, they are equally well known for working cooperatively with counsel for other classes and opposing counsel. In the *Beef* case, where LGN and Hagens Berman have played a prominent role in leading a consolidated action involving five discrete classes, Magistrate Judge Bowbeer praised the two firms' efforts, and the efforts of other class counsel, for their "general excellence" in working cooperative together and with opposing counsel:

> You have been just remarkable in your civility toward each other and your—and your dealings not only with me but also with my staff . . . . And so I don't think it would be improper for me to say that when I talk to the other judges or when I am out visiting with people in other districts, I brag on you and let them know how—just what a pleasure and a privilege it has been to work with you and to watch how you not only zealously represent your own clients but how you work with each other to make this case make sense going forward. It really embodies the spirit of Rule 1.

Clark Decl. Ex. C, Transcript of Hearing at 41:20–42:13, *In re Cattle and Beef Antitrust Litig.*, 0:20-cv-01319 (D. Minn. June 17, 2022).

Other courts have recognized LGN, Hagens Berman, and Miller for similar

reasons. For example, in *Broiler Chicken*, Judge Durkin complemented LGN and its co-counsel for the Direct Purchaser Plaintiff class for the high quality of their work and their leadership in a consolidated action involving three classes and more than 100 direct-action plaintiffs, observing that "[t]heir performance to date has been exemplary." *In re Broiler Chicken Antitrust Litig.*, 2021 WL 5709250, at *3 (N.D. Ill. Dec. 1, 2021); *see also id.* at *1. Miller Law regularly works with teams of law firms to prosecuted nationwide class actions and one of Powell Miller's proudest achievements is receiving the Cook-Friedman Civility Award from the Eastern District of Michigan Federal Bar Association.

LGN, Hagens Berman, and Miller will work cooperatively and professionally with counsel for other classes and with defense counsel in this case, which weighs in favor of their appointment as Interim Co-Lead Counsel for End-User Indirect Purchaser Plaintiffs. *See Baker v. Saint-Gobain Performance Plastics Corp.*, No. 1:16-cv-00220 (LEK/DJS), 2016 WL 4028974, at *4 (N.D.N.Y. July 27, 2016) (interim counsel's "ability to command the respect of their colleagues and work cooperatively with opposing counsel and the court" are important considerations) (internal quotations omitted) (citing Manual for Complex Litigation, § 10.224).

    **E.**    **LGN, Hagens Berman, and Miller Are Dedicated to Developing Junior Attorneys and Assembling a Diverse Team of Lawyers**

LGN, Hagens Berman, and Miller regularly empower junior attorneys to argue motions, take and defend depositions, and provide them with other substantive

opportunities for career development. Moreover, all three firms ensure their legal teams include attorneys from a variety of backgrounds and experiences.

LGN is committed to embracing and reflecting the diversity of the clients and community that it serves. Approximately 50 percent of LGN attorneys are women, and LGN's efforts in promoting gender diversity within the legal profession has earned the firm recognition from Working Mother and Law360. LGN's anti-racism resolution sets out the firm's vision and actions to further the firm's commitment to an inclusive work environment, legal profession, and society. A highlight of that resolution includes establishing a diversity, equity, and inclusion committee. The committee consists of professionals from across the firm, including firm leadership. The committee meets regularly to monitor the firm's efforts at achieving a diverse and inclusive firm, and regularly shares with and sponsors educational opportunities and events for the firm. LGN's team in this case includes four women: Laura Matson, Olivia Levinson, Consuela Abotsi-Kowu, and Madison Gaffney.

Hagens Berman is also committed to establishing legal teams that are experienced, qualified, and reflect the diversity of the legal field. Consistent with the Standards and Best Practices for Large and Mass-Tort MDLs, Hagens Berman seeks to create diverse litigation teams for every case Hagens Berman litigates. The firm seeks to create diverse teams with respect to prior experience and skills, but also with respect to gender, race and national origin, age, and sexual orientation. The

22

team that has been proposed to litigate this case reflects Hagens Berman's commitment to a diverse set of attorneys in this field. Scarlett Decl., ¶ 16.

Miller Law also embraces diversity. Marth Olijnyk leads the firm's automotive supplier dispute resolution practice group and is the firm's General Counsel, Sharon Almonrode serves as Chair of the firm's Class Action Department, and Butch Hollowell serves as managing partner of the firm's Detroit office. Additionally, Senior Associate Dana Fraser will specifically be assisting in this litigation. In 2025, Miller Law was recognized as an Empowering Women law firm by *Michigan Lawyer's Weekly*.

### F.    Proposed Duties and Responsibilities for Interim Co-Lead Class Counsel

If appointed as Interim Co-Lead Counsel for End-User Indirect Purchaser Plaintiffs, LGN, Hagens Berman, and Miller will execute all duties and responsibilities of interim co-lead class counsel to expeditiously litigate this case through trial. These duties and responsibilities comport with the standards in the *Manual for Complex Litigation* and include: (1) presenting written and oral arguments to the court; (2) communicating with other parties; (3) organizing discovery requests and responses; (4) examining deponents; (5) delegating specific tasks to other counsel as necessary; (6) seeing that schedules are met; and (7) other pretrial duties to coordinate pretrial activities or as authorized by the Court. *See* Manual for Complex Litigation, § 10.221. As explained in more detail in the

23

Proposed Order submitted with this motion, LGN, Hagens Berman, and Miller lead all aspects of this matter for End-User Indirect Purchaser Plaintiffs, including briefing, discovery, trial, and settlement.

If appointed as Interim Co-Lead Counsel, LGN, Hagens Berman, and Miller will also ensure that this matter is adjudicated in an efficient manner, including by establishing a time and expense reporting protocol for all End-User Indirect Purchaser Plaintiffs' counsel, which will be contained in a letter substantially in the form attached as Exhibit B to the Clark Decl. LGN, Hagens Berman, and Miller will submit the draft letter for the Court's review and approval, and we welcome the Court's input and direction.

### G. Consolidating or Otherwise Coordinating Future Cases Involving Similar Allegations Will Avoid Unnecessary Waste of Judicial Resources

Federal Rule of Civil Procedure 42(a) provides for case consolidation or other actions "to avoid unnecessary cost or delay." *See, e.g.*, *McKinley v. Doxim, Inc.*, No. 2:24-cv-11550, No. 2:24-cv-11587, No. 2:24-cv-11599, 2024 WL 4571405, at *1 (E.D. Mich. Oct. 24, 2024). The Court should consolidate all subsequently filed class actions involving common questions of law and fact and subject any such class cases to Plaintiff's proposed class leadership structure to facilitate the efficient prosecution of this litigation. The Court should also otherwise coordinate any other related actions to this lawsuit. This will streamline and simplify discovery, pretrial motions

24

(including class certification), and administrative management, as well as generally prevent waste, confusion, or delay that would inevitably arise from separate prosecution of related actions.

## IV.    CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court appoint Lockridge Grindal Nauen PLLP, Hagens Berman Sobol Shapiro LLP, and The Miller Law Firm, P.C. as Interim Co-Lead Counsel for End-User Indirect Purchaser Plaintiffs in this litigation. Plaintiff also respectfully requests that the Court order all subsequently filed cases on behalf of indirect purchasers of HVAC Equipment for end use in a residential or commercial building involving common questions of law and fact be consolidated or otherwise coordinated, and subject to this class leadership structure.

Dated: April 15, 2026                          Respectfully submitted,

s/ E. Powell Miller                              s/ Brian D. Clark
E. Powell Miller (P39487)                 Brian D. Clark
Dennis A. Lienhardt (P81118)          Laura M. Matson
**THE MILLER LAW FIRM, P.C.**        Olivia T. Levinson
950 W. University Dr., Ste. 300         Madison J. Gaffney
Rochester, MI 48307                         **LOCKRIDGE GRINDAL NAUEN PLLP**
Tel: (248) 841-2200                           100 Washington Avenue South,
epm@millerlawpc.com                       Suite 2200
dal@millerlawpc.com                         Minneapolis, Minnesota 55401
                                                           Telephone: (612) 339-6900
                                                           Facsimile:  (612) 339-0981
s/ Shana E. Scarlett                           bdclark@locklaw.com
Shana E. Scarlett                               lmmatson@locklaw.com
**HAGENS BERMAN SOBOL SHAPIRO LLP**   otlevinson@locklaw.com
715 Hearst Avenue, Suite 300

25

Berkeley, California 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
shanas@hbsslaw.com

Steve W. Berman (Admitted, E.D. Mich.)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
455 North Cityfront Plaza Drive
Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949
Facsimile:  (708) 628-4950
steve@hbsslaw.com

Breanna Van Engelen
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
breannav@hbsslaw.com

mjgaffney@locklaw.com

Kyle J. Pozan
Consuela M. Abotsi-Kowu
**LOCKRIDGE GRINDAL NAUEN PLLP**
1165 North Clark Street, Suite 700
Chicago, Illinois 60610
Telephone: (312) 470-4333
kjpozan@locklaw.com
cmabotsi-kowu@locklaw.com

Stephen J. Teti
**LOCKRIDGE GRINDAL NAUEN PLLP**
265 Franklin Street, Suite 1702
Boston, Massachusetts 02110
Telephone: (617) 456-7701
sjteti@locklaw.com

*Counsel for Plaintiff and the Proposed End-User Classes*

26

**CERTIFICAT OF SERVICE**

I certify that on April 15, 2026, I caused the above Motion and supporting Memorandum of Law to be filed via the Court's CM/ECF system, which will automatically provide counsel of record with service of the filing.

Dated: April 15, 2026                    */s/ E. Powell Miller*
                                         E. Powell Miller